IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2003 Session

## MYRA PATE v. STATE OF TENNESSEE

**Appeal from the Claims Commission of the State of Tennessee**
**No. 20101368     Vance W. Cheek, Jr., Commissioner**

**FILED NOVEMBER 20, 2003**

**No. E2003-00297-COA-R3-CV**

---

Myra Pate ("Plaintiff") filed a claim with the Tennessee Division of Claims Administration after she slipped and fell on her way to class at Pellissippi State Technical Community College ("PSTCC"). When her claim was denied, Plaintiff filed a complaint in the Tennessee Claims Commission ("Commission") against the State of Tennessee ("the State"). The State filed a motion for summary judgment claiming Plaintiff had filed for Chapter 13 bankruptcy and failed to disclose the existence of her claim against the State. The State argued Plaintiff was judicially estopped from pursuing this lawsuit and also that she lacked standing. When Plaintiff failed to file a timely response to the motion for summary judgment, the Commission granted the motion solely because no response had been filed. Plaintiff appeals. We vacate the grant of summary judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Claims Commission Vacated; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

M.J. Hoover, III, Knoxville, Tennessee, for the Appellant Myra Pate.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Heather C. Ross, Senior Counsel, Nashville, Tennessee, for the Appellee State of Tennessee.

## OPINION

## Background

This is a slip and fall case brought by Plaintiff who alleges that on April 4, 2000, she was on her way to class at PSTCC when she tripped and fell on the pavement. According to Plaintiff, there was a gap in the pavement measuring 1 to 1 ½ inches as well as a metal bar "which stuck out above the pavement" causing her to fall, resulting in a three part proximal humerus fracture to her left shoulder. Plaintiff claims the State was negligent by not correcting the defective pavement and in allowing such a hazardous condition to exist. Plaintiff sought $300,000 in damages for her physical injuries and lost wages.

In its answer to the complaint, the State generally denied any liability to Plaintiff and further denied any hazardous condition existed. The State also denied the existence of any act or omission on the part of a State employee which resulted in Plaintiff's injuries. The State also alleged Plaintiff's claim was barred under comparative fault principles because Plaintiff's negligence in not watching where she was walking was greater than any claimed negligence by the State.

On October 31, 2002, the State filed a motion for summary judgment claiming Plaintiff was judicially estopped from maintaining this lawsuit because she failed to disclose the existence of this claim in her petition for Chapter 13 bankruptcy. The State also claimed that Plaintiff was no longer the real party in interest and lacked standing to proceed with the present case because she had filed for Chapter 13 bankruptcy. In support of its motion, the State attached portions of Plaintiff's deposition wherein she admitted contemplating legal action against the State within one week of the accident. Plaintiff filled out a "Claim for Damages" on December 6, 2000, and filed this claim with the Division of Claims Administration on March 13, 2001. Plaintiff also acknowledged in her deposition that she made a demand upon the State to settle the claim in March of 2001. On May 3, 2001, Plaintiff filed for Chapter 13 bankruptcy. When her personal injury claim was denied by the Division of Claims Administration, Plaintiff filed the present complaint with the Claims Commission on November 19, 2001. Plaintiff admitted in her deposition that she did not disclose the present lawsuit or claim as an asset in her bankruptcy petition and she did not inform her bankruptcy attorney or the United States Bankruptcy Court about this lawsuit. Plaintiff claimed she did not disclose the present lawsuit because the complaint was not filed until after she had already filed for bankruptcy. She did not consider the present claim an "asset" because she had not yet received any money. According to Plaintiff, "[i]t doesn't become an asset to me until you get some money. Money is an asset and nothing is nothing."

On December 16, 2002, the Commission entered an Order of Dismissal. In pertinent part, the Order of Dismissal provides:

> This claim was appealed to the Tennessee Claims Commission from denial of the Division of Claims Administration on September 10, 2001. By letter dated September 21, 2001, the

Commission advised counsel for the Claimant that the **Rules of Civil Procedure** and the **Rules of Evidence** of the State of Tennessee were applicable to Claims Commission procedure and that the **Tennessee Claims Commission Rules** complemented the **Rules of Civil Procedure**. Counsel for the Claimant filed a formal Complaint on November 19, 2001. The State filed its Answer on February 14, 2002, following an extension of time granted by the Commission within which to do so.

On October 31, 2002, the State filed a Motion for Summary Judgment, Memorandum in Support of Motion, and Statement of Undisputed Facts on Behalf of the State of Tennessee. A response to the State's Motion was due no later than December 2, 2002. A response to the State's Motion has not been filed as of the date of this Order.

\* \* \* \*

The issue before the Commission is whether the Defendant is entitled to dismissal of this claim for failure to respond to the State's Motion for Summary Judgment?

The Commission concluded that the State was entitled to dismissal of the claim because no response to the motion for summary judgment had been filed. In reaching its conclusion, the Commission relied on Tennessee Claims Commission Rule No. 0310-1-1-.05(5)(c) which provides, among other things, that the failure to file a response to a motion shall indicate that there is no opposition to the motion.

After her claim was dismissed, Plaintiff filed a motion to reconsider and later informed the Commission that she would be filing a response to the motion for summary judgment by January 10, 2003. The Commission denied the motion to reconsider and entered an Order reaffirming its dismissal of the claim. The Commission noted in this Order that Plaintiff stated she would be filing a response to the State's motion for summary judgment no later than January 10, 2003. The Commission then observed that as of January 22, 2003, the date on which the Commission reaffirmed its dismissal, Plaintiff still had filed no response.

Plaintiff appeals raising several issues. First, Plaintiff claims the State's motion for summary judgment did not meet the "stringent standards" of Tenn. R. Civ. P. 56 and, therefore, should not have been granted. Plaintiff also claims she is not judicially estopped from pursuing the present claim even though she did not disclose the claim in her Chapter 13 bankruptcy. In her third issue, Plaintiff claims she is the "real party in interest" and has standing to pursue this claim. Finally, Plaintiff claims the Commission erred in denying her motion to reconsider. The State,

obviously, contends the grant of summary judgment was appropriate, as was the denial of Plaintiff's motion to reconsider.

## Discussion

Initially, we will discuss whether the Commission erred when it granted the State's motion for summary judgment solely because Plaintiff failed to file a timely response. The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-

-4-

moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

As relevant to this appeal, Tenn. Code. Ann. § 9-8-403(a)(1) provides that proceedings in the Commission "shall be conducted pursuant to rules of the Tennessee Rules of Civil Procedure where applicable and otherwise pursuant to rules and regulations promulgated by the commission." In accordance with this statutory provision, the Commission has developed Rules of Procedure found at Tenn. Comp. R. & Regs. 0310-1-1. The Commission's Rules of Procedure (hereafter "Commission Rules") begin as follows:

> **0310-1-1-.01 APPLICABILITY OF TENNESSEE RULES OF CIVIL PROCEDURE AND CORRELATION WITH *T.C.A. § 9-8-403(a)(1)*.** Proceedings before the Tennessee Claims Commission shall be conducted pursuant to the Tennessee Rules of Civil Procedure (TRCP) and subsequent amendments and interpretations where applicable except where specifically modified by these rules.…

The Commission Rules then modify several of the Tennessee Rules of Civil Procedure, although the majority of the Tennessee Rules of Civil Procedure remain intact. It is important that the Commission Rules do not modify Tenn. R. Civ. P. 56 and, therefore, Rule 56 applies to claims before the Commission in the same manner as it would to a claim brought in a chancery or circuit court.

In the present case, the language relied upon by the Commission when granting the State's motion for summary judgment solely because Plaintiff did not file a response is found in Commission Rule 0310-1-1-.01(5)(c). In relevant part, this Commission Rule modifies Tenn. R. Civ. P. 7.02 as follows:

TRCP Rule 7.02 is followed in its entirety and the following language is also added:

* * * *

(c)    Each party opposing a motion shall serve and file a response no later than fifteen (15) days after service of the motion, except that in case of motions for summary judgment the time shall be thirty (30) days after service of the motion. Failure to file a response shall indicate that there is no opposition to the motion. Provided, however, the Commission may act on the motion prior to the times set forth....

The State argues that the Commission acted properly by granting the motion for summary judgment solely because Plaintiff failed to respond. The State relies heavily on *Cavnar v. State*, No. M2002-00609-COA-R3-CV, 2003 Tenn. App. LEXIS 151 (Tenn. Ct. App. Feb. 26, 2003), *no appl. perm appeal filed*. In *Cavnar*, the plaintiff filed his claim against the State alleging he was misdiagnosed at Middle Tennessee Mental Health Institute and the staff at that facility had subjected him to mental abuse and torture. The State filed a motion to dismiss claiming the Commission lacked subject matter jurisdiction and that the plaintiff failed to state a claim upon which relief could be granted. *Id*. at * 3. The Commission dismissed the complaint because the plaintiff failed to file a timely response to the motion to dismiss and because it lacked jurisdiction over some of the claims. *Id*. at ** 4-6. As pertinent to this appeal, the *Cavnar* Court stated:

Tenn. Code Ann. § 9-8-403(a)(1)(Supp. 2002) provides that matters such as Mr. Cavnar's suit shall be conducted under the Tennessee Rules of Civil Procedure where applicable, and otherwise they shall be conducted in accordance with the Commission's rules and regulations. Tenn. Comp. R. & Regs. 0310-1-1-.01(5)(c) (2001) requires parties opposing a motion before the Commission, other than a summary judgment motion, to file and serve a response to the motion no later than fifteen days from service of the motion. Under the Commission's rule, "failure to file a response shall indicate that there is no opposition to the motion." Where an opponent to a motion fails to respond, the Commission may permissibly grant the motion on its merits, if to do so appears otherwise appropriate. This court reviews the Commission's decision to dismiss a claim using the abuse of discretion standard. *Tuck v. State*, 1996 Tenn. App. LEXIS 354, No. 03 A01-9510-BC-00355, 1996 WL 310012 at *3-4 (Tenn. Ct. App. June 11, 1996) (No Tenn. R. App. P. 11 application filed).

The Commission dismissed Mr. Cavnar's claim, in part, because he did not file a timely response to the State's motion to

dismiss. While pro se litigants are entitled to fair and equal treatment as they pursue litigation, they are not excused from complying with applicable substantive and procedural law. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). The Commission allowed Mr. Cavnar thirty days to respond to the State's motion - fifteen days more than its rule required. To the extent that the Commission took Mr. Cavnar's silence as indicating that he did not oppose the State's motion for dismissal, it was simply applying Tenn. Comp. R. & Regs. 0310-1-1-.01(5)(c) according to its express language. We find no abuse of discretion in the Commission's enforcement of its own rule.

*Cavnar*, 2003 Tenn. App. LEXIS 151, at ** 4-6. The Court in *Cavnar* then specifically noted that the plaintiff's failure to file a response was *not* the sole basis upon which the complaint was dismissed. *Id*. at * 6. The Court then discussed each of the plaintiff's various claims and concluded dismissal was proper either because the Commission lacked subject matter jurisdiction or because the plaintiff failed to state a claim upon which relief could be granted. In other words, the motion to dismiss would have been proper even if the plaintiff had filed a timely response, and, therefore, it was "otherwise appropriate" to grant the motion on its merits. *Id* at *5.

Pursuant to Tenn. R. Civ. P. 56, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered unless and until the moving party either affirmatively negates an essential element of the non-moving party's claim or conclusively establishes an affirmative defense. *Staples*, 15 S.W.3d at 88. In other words, until the moving party affirmatively negates an essential element of the non-moving party's claim or conclusively establishes an affirmative defense, the non-moving party has no duty to respond. It necessarily follows that a motion for summary judgment should not be granted solely because the non-moving party failed to respond. This is so because there first must be a determination that the moving party met her burden either by affirmatively negating an essential element of the non-moving party's claim or conclusively establishing an affirmative defense before the motion can be granted. If the moving party has met her burden, and assuming no timely response has been filed by the non-moving party, then the proper manner for the Commission to dispose of the motion for summary judgment would be to grant the motion because the non-moving party failed to respond and it is otherwise appropriate under Rule 56 to grant the motion.

To the extent Commission Rule 0310-1-1-.01(5)(c) authorizes the Commission to grant a motion simply because the other side has not responded and is deemed to have "no opposition to the motion," this Rule is not dispositive or the sole consideration as to a motion for summary judgment under Tenn. R. Civ. P. 56. As noted earlier, the Commission Rules do not modify Tenn. R. Civ. P. 56, and, therefore, all the elements of Rule 56 are just as applicable before the Commission as before a trial court. A rule that a motion for summary judgment can be granted solely because the non-moving party failed to respond would eviscerate the standards set forth in

-7-

*Staples*, *supra*. For example, assume the State, due to a glaring mathematical error, filed a motion for summary judgment believing the statute of limitations had expired when it clearly had not. Further assume the non-moving party, relying on the holding of *Staples,* did not respond to the motion because her burden to produce evidence establishing the existence of a genuine issue for trial had not been triggered because the State had failed either to negate an essential element of her claim or to conclusively establish an affirmative defense. Under the State's interpretation of Rule 0310-1-1-.01(5)(c), the claimant's lawsuit would be dismissed even though a cursory examination of the motion by the Commission would show the State was not "entitled to a judgment as a matter of law on the undisputed facts." *Staples,* 15 S.W.3d at 88. This does not mean that failing to respond to a motion for summary judgment has no consequences. To be sure, failing to respond to a motion for summary judgment is risky. If the moving party is successful in affirmatively negating an essential element of the non-moving party's claim or conclusively establishing an affirmative defense, the non-moving party by not responding misses her only opportunity to establish the existence of a genuine issue for trial.

The result we reach today is not inconsistent with *Cavnar*. In *Cavnar*, because the defendant filed a motion to dismiss and not a motion for summary judgment, the requirements of Tenn. R. Civ. P. 56 never came into play. Furthermore, the Commission in that case did not dismiss the complaint solely because the plaintiff failed to respond to the motion to dismiss. It also is important that the *Cavnar* Court held that when "an opponent to a motion fails to respond, the Commission may permissibly grant the motion on its merits, *if to do so appears otherwise appropriate*." *Cavnar*, 2003 Tenn. App. LEXIS 151, at * 5 (emphasis added). In our opinion, under Tenn. R. Civ. P. 56, "otherwise appropriate" requires more than just that the non-moving party failed to respond. The Commission still must determine whether or not it is "otherwise appropriate" by deciding whether the moving party met the necessary elements of Rule 56 before granting summary judgment. Put simply, here the Commission ignored the holding of *Cavnar* and failed to consider whether it was or was not "otherwise appropriate" to grant this Rule 56 motion. Therefore, we hold the Commission erred by granting the State summary judgment solely because Plaintiff failed to file a timely response to the motion for summary judgment.

In the present case, the basis for the State's motion for summary judgment is twofold. First, the State claims that because Plaintiff failed to inform the Bankruptcy Court of the existence of the present claim, she is judicially estopped from pursuing same. Second, the State claims that because Plaintiff has filed for Chapter 13 bankruptcy, she no longer is the real party in interest and lacks standing. According to the State, the Chapter 13 Trustee alone has standing to prosecute this case for the benefit of the bankruptcy estate. Prior to granting the State's motion for summary judgment, the Commission never made the necessary determination as to whether there is any genuine issue of material fact and whether the State is entitled to judgment as a matter of law on the undisputed facts. The Commission never addressed whether the State was entitled to summary judgment on either or both of these grounds. This is a determination best made initially by the Commission rather than this Court. We, therefore, vacate the grant of summary judgment and

remand this case to the Commission to make this required determination.  The remaining issues are pretermitted.[1]

## **Conclusion**

The judgment of the Claims Commission is vacated, and this cause is remanded to the Commission for further proceedings as are necessary consistent with this Opinion.  The costs on appeal are assessed against the Appellee State of Tennessee.

 

_____
D. MICHAEL SWINEY, JUDGE

---

[1] While this case was on appeal, Plaintiff filed a Motion for Consideration of Post-Judgment Facts.  In light of our resolution of this appeal, Plaintiff's motion is denied as moot.